UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY KAREEM d/b/a JACKSON FASHION, LLC** | **CIVIL CASE** |
| | **No. 10-527** |
| **VERSUS** | |
| | **SECTION "I"** |
| **MARKEL SOUTHWEST UNDERWRITERS, INC.** | |

### ORDER AND REASONS

Plaintiff, Amy Kareem ("Kareem") d/b/a Jackson Fashion, LLC ("Jackson Fashion"), moves this Court to remand this matter to Orleans Parish Civil District Court pursuant to 28 U.S.C. § 1447. Defendants, Markel Southwest Underwriters, Inc. ("MSU") and Evanston Insurance Company ("Evanston") have filed a joint opposition. For the reasons stated below, the motion is **GRANTED**.

### *BACKGROUND*

Jackson Fashion is a sole proprietorship that conducts business in New Orleans, Louisiana. Kareem asserts that in December 2008 she engaged defendant, Citywide Insurance Agency ("Citywide")[1] to obtain a commercial insurance policy. Kareem further alleges that she requested that Citywide procure a policy that covered property loss resulting from criminal activities, including theft, vandalism, and burglary. Citywide procured commercial insurance property coverage for Jackson Fashion from Evanston. The policy was underwritten by MSU. According to plaintiff, policy coverage began on January 7, 2009.

Kareem alleges that Jackson Fashion's principal store suffered approximately $250,000 worth of damage as a result of a burglary on April 10, 2009. According to Kareem, she filed a

---

[1] Citywide has not filed an opposition to plaintiff's motion.

1

claim with respect to such damage.  Nevertheless, MSU denied the claim on behalf of Evanston, asserting that the policy did not provide coverage for theft or burglary.  Kareem sued Citywide, MSU, and Evanston.  The parties do not dispute that Citywide is a citizen of Louisiana and that MSU and Evanston are not citizens of Louisiana.

In its notice of removal and opposition, MSU[2] argues that plaintiff improperly joined Citywide because plaintiff is unable to state a viable cause of action against Citywide in state court.  Alternatively, MSU argues that plaintiff's state law causes of action against Citywide are perempted.  Plaintiff counters that the facts alleged in its petition provide a basis for recovery against Citywide pursuant to Louisiana law.  Alternatively, plaintiff argues that her action against Citywide is not untimely because she filed suit within one year from the date that she knew or should have known of Citywide's failure to procure the requested insurance.

## LAW AND ANALYSIS

### *Improper Joinder*

When a non-diverse party is properly joined as a defendant, a federal court lacks subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332 and the case may not be removed from state court.  However, a defendant may remove the case by showing that the non-diverse party was *improperly* joined.  *R.C. Tippen v. Republic Fire and Cas. Ins. Co.*, Civil Action Nos. 06-7701, 06-8440, 2007 WL 4219352, at *2 (E.D. La. Nov. 28, 2007) (Vance, J.) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003)).[3]

---

[2] The Court hereinafter refers to MSU and Evanston collectively as "MSU."

[3] The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1.

A defendant may establish improper joinder by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *Id.* (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)). Because defendants have not alleged actual fraud in the plaintiff's pleading of jurisdictional facts, the Court will consider only the second test for improper joinder.

Because the doctrine of improper joinder is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* In order to show that the plaintiff is unable to establish a cause of action against the non-diverse defendant, the defendant claiming improper joinder must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *C.S. Gaidry, Inc. v. Union Oil Co. of Cal.*, Civil Action No. 09-2762, 2009 WL 2765814, at *2 (E.D. La. Aug. 27, 2009) (Vance, J.) (quoting *Smallwood*, 385 F.3d at 573).

The Court may use two different methods to assess the viability of plaintiff's claim against the non-diverse party. *Id.* First, the Court "may conduct a Rule12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 573). Such analysis will typically be determinative. *Id.* Nevertheless, if it is apparent that the plaintiff has "misstated or omitted" determinative facts that would establish whether joinder was proper or improper, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (quoting *Smallwood*, 385 F.3d at 573). In conducting such inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged

3

in the complaint, in the light most favorable to the plaintiff." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).  Additionally, the Court must resolve all ambiguities of state law in favor of the non-removing party.  *Id.*

### *Rule 12(b)(6)-Type Analysis*[4]

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

577 F.3d 600, 603 (5th Cir. 2009).

---

[4] The Court notes that neither party asserts any argument with respect to whether the Court should employ federal pleading requirements or state pleading requirements when determining whether Citywide is improperly joined.  The Fifth Circuit has not explicitly addressed this issue and district courts within the Fifth Circuit have applied both federal and state pleading standards when resolving state law issues with respect to improper joinder. *Compare C.S. Gaidry, Inc.*, 2009 WL 2765814, at *2-3 *with* Warren v. State Farm Mut. Augo. Ins. Co., Civil Action No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008).

Nevertheless, although the Court applies federal pleading standards to conclude that Citywide is properly joined, the Court notes that the same result would maintain under Louisiana's liberal fact pleading standard. *See Greemon v. Bossier City,* --- So. 3d ----, 2010 WL 5010389, at *2 (La. App. Nov. 24, 2010) ("[In Louisiana,] [l]iberal rules of pleading prevail and, when possible, the court should maintain a petition to allow a plaintiff to present his case.  A plaintiff need not set forth every possible theory of recovery, but must plead facts, which if taken as true, state a cause of action.") (citation omitted).

As stated, MSU argues that plaintiff improperly joined Citywide because plaintiff would be unable to state a viable cause of action against Citywide in state court.  After reviewing the factual allegations set forth in plaintiff's state-court petition and the relevant substantive state law, the Court concludes that Citywide was, in fact, properly joined.

"It is well established under Louisiana law that a plaintiff may recover for his insurance agent's failure to procure insurance coverage as requested."  *Morgan v. State Farm Ins. Co.*, No. Civ.A. 99-1118, 1999 WL 744048, at *2 (E.D. La. Sept. 21, 1999) (Vance, J.)  "According to the Louisiana Supreme Court, 'an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested coverage.'" *Id.* (quoting *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728 (La. 1973)).  "A client may recover any losses he sustains in reliance on the agent's representations that he was properly insured in the amount of the desired coverage." *Id.*  Citing *Karam,* the Fifth Circuit has explained the three elements that a plaintiff must establish in order to state such a claim:

> (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured.

*Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224, 229 (5th Cir. 1990).

In her state-court petition, plaintiff alleges that:

> On or about December 23, 2008, [plaintiff] applied for business personal property insurance coverage.  [Plaintiff] contacted Defendant Citywide to serve as its agent in finding and obtaining

> such insurance policy. Defendant Citywide, on behalf of [plaintiff], obtained commercial insurance property coverage . . .
>
> When [plaintiff] applied for the Policy, [plaintiff] stated and specifically requested from Defendant Citywide, that the insurance policy cover losses of its property resulting from criminal activities, including theft, vandalism and/or burglary. Defendant Citywide represented to [plaintiff] that the Policy covered losses from criminal activities, including theft, vandalism and burglary and consequently required that a security alarm system be installed in the premises where the property was located. As a result, Citywide required, and [plaintiff] provided, at the time of the insurance application, a copy of a certificate of home security system installation which system provided security to the [plaintiff's] premises. Coverage began on January 7, 2009.
>
> [Plaintiff's] property was burglarized and was the victim of theft on April 10, 2009, and as a result suffered approximately $250,000 worth of damages. Immediately after the burglary/theft, [plaintiff] filed a claim for loss . . . resulting from vandalism/theft/burglary . . . . . On May 12, 2009, [plaintiff's claim was denied] on the basis that the Policy did not provide coverage for theft and/or burglary.[5]

The facts alleged in plaintiff's state-court petition make plain that plaintiff requested that Citywide procure coverage for theft, vandalism, and burglary. Furthermore, plaintiff alleges that Citywide represented to her that it had procured such coverage. The plausibility of such assertion is buttressed by plaintiff's allegation that Citywide required her to install a security alarm system on the insured property. Finally, plaintiff alleges that Citywide failed to procure such coverage. Given these factual allegations and the well-settled "Louisiana law that a plaintiff may recover for his insurance agent's failure to procure insurance coverage as requested,"[6] the Court has a reasonable basis for predicting that plaintiff might be able to recover

---

[5] R. Doc. No. 1-1.

[6] *Morgan v. State Farm Ins. Co.*, No. Civ.A. 99-1118, 1999 WL 744048, at *2 (E.D. La. Sept. 21, 1999) (Vance, J.).

against non-diverse defendant Citywide in state court. As such, Citywide is properly joined and the case must be remanded. *C.S. Gaidry, Inc.*, 2009 WL 2765814, at *2.

Relying on *Kimball v. Modern Woodmen of America*, 939 F. Supp. 479, (M.D. La. 1996) (Parker, J.), MSU argues that plaintiff's allegations against Citywide fail to state a claim pursuant to Louisiana law because plaintiff's state-court petition "contains no facts establishing that Citywide knew a statement that it made was materially false, that it acted in reckless disregard of the truth of those representations, or that Citywide negligently or intentionally omitted to state material facts that caused harm to Jackson Fashion."[7] *Kimball*, however, involved only negligent and intentional misrepresentation claims and it did not involve a failure to procure insurance claim pursuant to Louisiana state law. As such, *Kimball* is distinguishable from the case currently before the Court. Furthermore, MSU cites no case in which a plaintiff asserting a failure to procure insurance claim against an insurance agent was required to plead facts sufficient to maintain a misrepresentation claim. Although plaintiff has asserted misrepresentation claims against Citywide, she has also asserted an independent failure to procure insurance claim against Citywide and she has alleged sufficient facts to maintain such claim.

MSU also argues that plaintiff cannot assert a viable claim in state court against Citywide because plaintiff's claims against Citywide are perempted pursuant to La. Rev. Stat. § 9:5606.[8] According to MSU, plaintiff should have known on December 23, 2008, the date that she signed

---

[7] R. Doc. No. 12.

[8] La. R.S. 9:5606 provides, in pertinent part:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent

7

the insurance application, that the policy Citywide procured for her lacked coverage for theft and burglary.  Accordingly, MSU argues that plaintiff was required to file a lawsuit against Citywide no later than December 23, 2009 in order to maintain her claim, and because plaintiff did not sue Citywide until January 11, 2010, plaintiff's claims against Citywide are perempted.

MSU essentially asks the Court to make factual findings with respect to what plaintiff should have known on December 23, 2008.  In turn, plaintiff's complaint can plainly be read to assert that she did not know until April 10, 2009 that she lacked coverage for theft and burglary and that Citywide's actions had led her to believe up to such date that she did, in fact, have such coverage.

Although an insured in Louisiana "is responsible for reading [her] policy and [is] presumed to know its terms," plaintiff has submitted an affidavit[9] in which she asserts that she did not receive a copy of her policy until May 20, 2009.  *Dobson v. Allstate Ins. Co.*, Nos. 06-0252, 06-1097, 06-1064, 06-1255, 06-1734, 06-1585, 2006 WL 2078423, at *11 (E.D. La. July 21, 2006).  MSU provides no evidence calling such assertion into question.  Furthermore, in such affidavit, plaintiff identifies the insurance documents that she claims were in her possession

---

        jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Although the statute states that a lawsuit must be filed "within one year from the date of the alleged act, omission, or neglect, *or* within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered," La. R.S. 9:5606(A) (emphasis added, Louisiana courts interpreting the statute hold that, "La. R.S. 9:5606 establishes a one-year peremptive period in which a party can file suit against an insurance agent.  This period begins running from the date the plaintiff discovered or should have discovered the alleged act, omission, or neglect." *Argonaut Great Cent. Ins. Co. v. Hammett*, 887 So .2d 704, 708 (La. App. 2004).

[9] R. Doc. No. 8-22.

before she received additional documents from MSU in April and May of 2009. Having reviewed such documents,[10] the Court cannot conclude that plaintiff was "in possession of clear policy language indicating that [coverage for theft and burglary] was excluded." *Id.* Accordingly, on the record currently before the Court, the Court is unable to find that La. Rev. Stat. § 9:5606's one-year peremptive period began to run before April 14, 2009 – the date on which plaintiff asserts that MSU notified her that the policy excluded theft and burglary coverage.[11]

Considering the stage of these proceedings and the record currently before the Court, the Court is not in a position to make factual findings with respect to what plaintiff's knowledge of the contents of her insurance coverage actually was or should have been before she filed this lawsuit. The state court can resolve such issues after developing the record following remand.

### *Attorneys' Fees and Costs*

Plaintiffs also move the Court for attorneys' fees and costs incurred as a result of defendants' improvident removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, the court has discretion and will not grant costs and fees when the defendant based removal on a colorable claim. *Morgan,* 1999 WL 744048, at *4 (citing *Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993); *Rivers v. International Matex Tank Terminal,* 864 F. Supp. 556, 561 (E.D.La.1994)). The Court finds that defendants had a colorable claim for asserting this Court's removal jurisdiction. Accordingly, plaintiffs' request for attorneys' fees and costs is denied.

---

[10] R. Doc. Nos. 8-18, 8-19, and 8-20.

[11] R. Doc. No. 8-22.

## *CONCLUSION*

Accordingly, **IT IS ORDERED** that plaintiff's motion to remand is **GRANTED** and that this case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys' fees and costs is **DENIED**.

New Orleans, Louisiana, January __18th__, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**